## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:17-cr-94-J-32PDB

CHRISTOPHER LORAN BENTLEY     ORDER ON MOTION FOR
                              SENTENCE REDUCTION UNDER
                              18 U.S.C. § 3582(c)(1)(A)

_____

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Christopher Loran Bentley is a 33-year-old inmate incarcerated at Jesup FCI, serving a 120-month term of imprisonment for possession of a firearm by a convicted felon, possession of heroin with intent to distribute, and possession of cocaine with intent to distribute. (Doc. 52, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 29, 2025. Defendant seeks compassionate release because he claims his facility is a hotspot for Covid-19, because the facility does not provide for adequate social distancing or other preventive measures, and because he has asthma. (Doc. 69, Motion).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). Although Covid-19 is a serious pandemic, Defendant is 33 years old and the only underlying condition he claims to have is asthma. According to the Centers for Disease Control (CDC), those who have moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions known to increase the risk of serious illness.[1] While the Court accepts Defendant's assertion that he has asthma, there is no evidence that his asthma falls into the moderate-to-severe

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

category. Indeed, according to the Presentence Investigation Report (PSR) prepared in January 2018, Defendant "reported that he historically suffered from asthma, for which he has an inhaler, but advised that he only experiences symptoms when the weather changes. He denied any other health concerns." (Doc. 40 at ¶ 52). Moreover, Defendant acknowledges that he is prescribed an albuterol inhaler to manage his asthma while in prison. (Doc. 69 at 5). Defendant's young age and the lack of a serious medical condition weigh against finding extraordinary and compelling circumstances.

In addition, the conditions at Jesup FCI do not rise to the level of extraordinary and compelling circumstances. Prisons are inherently difficult environments in which to control the spread of infectious diseases. As such, most BOP facilities have experienced an outbreak of Covid-19 to some extent. The state of affairs at Jesup FCI is not exceptional compared to other prisons. According to the BOP's latest data, two inmates and 19 staff members are positive for coronavirus; 423 inmates and three staff members have recovered; and one inmate (out of 1,346 total inmates) has died.[2] That Jesup FCI has seen inmates and staff infected with Covid-19, alone or in combination with Defendant's asthma, is not an "extraordinary and compelling" reason for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).[3]

---

[2] https://www.bop.gov/coronavirus/. Last accessed December 18, 2020. To the extent Defendant claims that prison conditions violate the Eighth Amendment (Doc. 69 at 6–7), such a complaint should be brought in the district of confinement.

[3] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant admitted the following facts when he pleaded guilty:

> On April 22, 2017, police officers went to a residence in Jacksonville, Florida "in response to multiple citizen complaints that the residence was a haven for storage and usage of illicit drugs." The officers saw Bentley sitting in the driver's seat of a Toyota Tundra parked outside the house. One officer saw a bag of marijuana in plain view on the car's center console and asked Bentley for identification, which he provided. Bentley admitted the marijuana was his and handed it to the officer. The officer then asked Bentley to get out of the truck, and Bentley grabbed the steering wheel. A struggle ensued between Bentley and the officers, and Bentley attempted to start the truck. The officers, however, were able to remove Bentley from the truck and restrain him. While the officers escorted him to a patrol car, Bentley spun to break free from one of the officer's grasp. The officers regained control and placed him in the patrol car.
>
> Upon returning to the truck, the officers saw a plastic bag on the ground that appeared to have fallen from the area of the driver-side door. Inside the plastic bag were 1.8 grams of heroin and 1.1899 grams of crack-cocaine, both packaged for distribution. The officers also saw a .45 caliber Taurus pistol wedged against the seatbelt buckle of the driver's seat. The firearm was fully loaded, and it had been reported stolen. At the time, Bentley had two prior convictions from April 8, 2010 which were punishable by over one year of imprisonment: possession with intent to sell, manufacture, or deliver a controlled substance and possession of a controlled substance. Having admitted these facts, Mr. Bentley pled guilty to all three counts in the indictment.

United States v. Bentley, 756 F. App'x 957, 959 (11th Cir. 2018), cert. denied, 139 S. Ct. 1398, 203 L. Ed. 2d 628 (2019).

At sentencing, the Court explained that this was "a much more serious offense" than a typical felon-in-possession and drug distribution case because Defendant "had a gun at the ready, and he had drugs," and because he struggled with officers during his arrest while the firearm was nearby. (Doc. 61, Redacted Sentencing Transcript at

4

175–78). The Court also credited testimony that Defendant "always had the firearm with him," "fired [it] in anger," and "used it in various ways to threaten people, or to use it in an aggressive way." (Id. at 177). Moreover, the Court heard testimony about Defendant's abusive relationship with three women – B.A., A.W., and C.G. – for whom Defendant was both pimp and drug dealer, and how B.A. died of a fentanyl overdose while staying with Defendant. See Bentley, 756 F. App'x at 959–62. The Court explained that the women's testimony "put into context" Defendant's possession of a gun, which he used "in furtherance of his work as a pimp." (Doc. 61 at 178–80). The Court concluded that the § 3553(a) factors warranted an upward variance from the guidelines range, leading the Court to impose a term of 120 months in prison (id. at 181–84), which the Eleventh Circuit affirmed, Bentley, 756 F. App'x at 962–64.

Dating from his arrest on April 22, 2017 (see Doc. 40 at p. 2), Defendant has served about 44 months in custody, or 37% of his sentence. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time. Accordingly, Defendant Christopher Loran Bentley's Motion for Compassionate Release (Doc. 69) is **DENIED**. Defendant's Motion to Appoint Counsel (Doc. 70) is **DENIED** as well because it is not supported by the interests of justice. See United States v. Cain, 827 F. App'x 915, 921–22 (11th Cir. 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant